# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BONNIE POEHL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV00400 ERW |
| ) | |
| OFFICER CARL RANDOLPH, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

In accordance with announcements from the bench, and after considering all arguments herein, the Court makes these additional *in limine* rulings:

In his First Motion in Limine, Defendant requests that Plaintiff not be permitted to call or attempt to call any witness to testify whom she did not disclose as a witness pursuant to this Court's June 23, 2006 Order. Plaintiff, in addition to her own testimony, will be allowed to call Charles Poehl and Tom Farace. The Court acknowledges that Plaintiff is in violation of the Court's June 23, 2006 Order, but, in the interest of justice, will permit Plaintiff to offer this testimony. In all other respects, Defendant's First Motion in Limine is sustained.

In his Second Motion in Limine, Defendant requests that Plaintiff not introduce, or attempt to introduce, any exhibit into evidence that she did not disclose as an exhibit that she would or may introduce pursuant to this Court's June 23, 2006 Order. Except as provided in this Court's ruling as to Defendant's First Motion in Limine, Defendant's Second Motion in Limine is sustained.

In his Third Motion in Limine, Defendant moves that Plaintiff not read or attempt to read, or introduce or attempt to introduce into evidence, any deposition transcript or portion thereof, or

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

admission or interrogatory answer, that Plaintiff did not disclose pursuant to this Court's June 23, 2006 Order. As the Court stated from the bench, Plaintiff immediately shall designate portions of depositions to be read at trial and shall make copies available to the Court and opposing counsel. At this time, the Court will reserve its ruling as to Defendant's Third Motion in Limine.

In Defendant's Fourth Motion in Limine, Defendant seeks an order that Plaintiff not refer to or mention, directly or indirectly, any matter pertaining to Defendant's past that is not relevant, including: (1) alleged neighborhood rumors and statements claiming that Defendant was particularly sexually attracted to white women; (2) Defendant had been referred to or had some alleged nickname to the effect of "Carl the Molester"; (3) Defendant had allegedly attempted to telephone or initiate or maintain a romantic relationship with other women, including but not necessarily limited to Ms. Gwen Davis; (4) Defndant allegedly had an affair with a married woman; (5) Defendant had allegedly touched the leg or buttocks of another police officer's wife or girlfriend at a police officers' ball or party; and (6) Defendant had allegedly once called an acquaintance of Plaintiff's a "nigger lover" because she purportedly had an African-American husband or boyfriend. To the extent that Plaintiff believes any evidence related to any issue listed herein is relevant, before attempting to introduce any evidence related to any issue listed herein or mention any such matter in any way before the jury, Plaintiff must approach the bench and advise the Court in advance how she expects to offer any evidence on any of these issues. The Court will then decide whether Plaintiff will be permitted to offer any such evidence.

In his Fifth Motion in Limine, Defendant requests that Plaintiff not be permitted to introduce or attempt to introduce into evidence any testimony or document contrary to, and inconsistent with, her Complaint, including any evidence contradicting her admission that the sexual contact between

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

her and Defendant occurred during or about July of 2004. This Fifth Motion in Limine is sustained.

In Defendant's Sixth Motion in Limine, Defendant moves that Plaintiff not call or attempt to call any witness to testify whose accurate contact information was not properly disclosed in response to discovery or who failed to appear for their deposition despite being subpoenaed, including Gwendolyn Davis, Yvette Redmond, Susan Taylor, and Pat Gardener. This Sixth Motion in Limine is sustained.

Defendant's Seventh Motion in Limine requests that Plaintiff not introduce or attempt to introduce into evidence the affidavit of Tom Farace or the affidavit of Charles Poehl, or any other purported affidavit. This Seventh Motion in Limine is sustained.

In his Eighth Motion in Limine, Defendant requests that Plaintiff not be permitted to call or attempt to call any witness to testify, and not introduce or attempt to introduce any evidence, as to Charles Poehl's alleged conversation with the Vinita Park Police Chief which purportedly occurred after the sexual contact between Plaintiff and Defendant. Before any such testimony is offered, Plaintiff must first present the testimony at the bench so the Court can decide whether to allow such testimony.

Defendant's Ninth Motion in Limine requests that Plaintiff not be permitted to mention, directly or indirectly, and not introduce any evidence via testimony or otherwise, any matter pertaining to any polygraph examinations, or the results thereof, conducted during the police investigation of the alleged events giving rise to her claims in this case. This Ninth Motion in Limine is sustained.

The Court has reviewed Plaintiff's Exhibit List [doc. #48]. At this time, the Court will withhold rulings as to the admissibility of Plaintiff's deposition excerpts because the Court has not

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

had the opportunity to review those designations; however, as to the remainder of the twenty-eight (28) pieces of Plaintiff's proposed evidence, the Court rules as follows:

- Plaintiff's Proposed Exhibit 9 (Affidavit of Yvette Redmond) is inadmissible because it is hearsay.
- Plaintiff's Proposed Exhibit 10 (Affidavit of Susan Taylor) is inadmissible because it is hearsay.
- Plaintiff's Proposed Exhibit 11 (Affidavit of Charles Poehl) is inadissible because it is hearsay. However, if Charles Poehl testifies inconsistently with the affidavit, it may be used by Defendant for impeachment.
- Plaintiff's Proposed Exhibit 12 (Affidavit of Tom Farace) is inadmissible because it is hearsay. However, if Tom Farace testifies inconsistently with the affidavit, it may be used by Defendant for impeachment.
- Plaintiff's Proposed Exhibit 13 (Plaintiff's July 2003 calendar) is admissible.
- Plaintiff's Proposed Exhibit 14 (police schedule and time sheets for July 2003 and vacation request form) is admissible.
- Plaintiff's Proposed Exhibit 15 (criminal incident report and calls for service reports) is inadmissible unless it is properly authenticated and identified and any hearsay objection is overcome.
- Plaintiff's Proposed Exhibit 16 (medical records from Plaintiff's psychiatrist) is admissible.
- Plaintiff's Proposed Exhibit 17 (memorandum regarding Defendant's failure to attend sexual harassment class) is inadmissible because it is hearsay.
- Plaintiff's Proposed Exhibit 18 (calls for service detail page regarding stolen purse) is inadmissible because it is hearsay.
- Plaintiff's Proposed Exhibit 19 (calls for service detail page involving Gwen Davis) is inadmissible because it is hearsay.
- Plaintiff's Proposed Exhibit 20 (statement by Scott Haywood) is inadmissible because it is hearsay.
- Plaintiff's Proposed Exhibit 21 (Lt. R. Fairman internal investigation) is inadmissible because it is hearsay.
- Plaintiff's Proposed Exhibit 22 (Poehl Complaint summary memo) is inadmissible because it is hearsay.
- Plaintiff's Proposed Exhibit 23 (offense/incident report for rape) is inadmissible because it is hearsay.
- Plaintiff's Proposed Exhibit 24 (Plaintiff's statement) is inadmissible because it is hearsay. If Plaintiff testifies inconsistently with the statement, the statement may be used by Defendant for impeachment.
- Plaintiff's Proposed Exhibit 25 (Crime Laboratory Analysis Report) is inadmissible because it is irrelevant and because it is hearsay.
- Plaintiff's Proposed Exhibit 26 (transcript of audio cassette recording of Lt. Laws's interview of Gwen Davis) is inadmissible because it is hearsay.
- Plaintiff's Proposed Exhibit 27 (Defendant's responses to Interrogatory Nos. 10, 11, 12) may

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

be admissible if relevant.
- The Court withholds its ruling as to Plaintiff's Proposed Exhibit 28 (documents evidencing REJIS warrant check performed) until relevancy can be established.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motions in Limine [doc. #69] are **GRANTED**, in part, as explained herein.

**IT IS FURTHER ORDERED** that Defendant's Supplemental Motion in Limine [doc. #75] is **GRANTED**, as explained herein.

Dated this 15th day of August 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com