```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

BONNIE POEHL,                    )
                                 )
            Plaintiff,           )
                                 )
      v.                         )    No. 4:05CV00400 ERW
                                 )
CARL RANDOLPH,                   )
                                 )
                                 )
            Defendants.          )
```

**ORDER AND MEMORANDUM**
**CONCERNING IN FORMA PAUPERIS STATUS**

This matter is before the Court upon the application of Plaintiff Bonnie Poehl for Leave to Proceed In Forma Pauperis on Appeal [doc. #100] and Motion for Appointment of Counsel [doc. #102].

Title 28 U.S.C. § 1915(a)(1) provides, in pertinent part, that "any court of the United States may authorize the commencement ... of any suit ... without prepayment of fees ... by a person who submits an affidavit ... that the person is unable to pay such fees."  This statutory provision guarantees that no citizen shall be denied access to the federal courts "solely because ... poverty makes it impossible ... to pay or secure the costs" of litigation. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948).

In forma pauperis status, however, is a privilege not a right.  Camp v. Oliver, 798 F.2d 434 (11th Cir. 1986).  The district courts are given a great deal of discretion in deciding whether to grant or deny an application to proceed in forma

pauperis.  Cross v. General Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983).  Although the district court has a great deal of discretion to grant or deny an application to proceed in forma pauperis, the statute does not require an applicant to render himself completely destitute to enjoy the benefits of 28 U.S.C. § 1915(a).  Adkins, 335 U.S at 339-40; In re Smith, 600 F.2d 714, 715 (8th Cir. 1979).  With these principles in mind, the Court now turns to the application at hand.

From the information set forth in Poehl's financial affidavit, the Court is unable to properly determine whether a one time payment of $455.00 would impose an undue financial burden on the applicant.

Therefore,

**IT IS HEREBY ORDERED** that the Motion for Leave to Proceed In Forma Pauperis on Appeal [doc. #100] and Motion for Appointment of Counsel [doc. #102] are DENIED because this Court lacks sufficient information to make a determination.

**IT IS FURTHER ORDERED** that applicant shall have thirty (30) days from the date of this order to pay the $455.00 filing fee or to renew her motions to proceed in forma pauperis and request for counsel with the Court of Appeals.

So Ordered this 18th Day of September, 2006.

                                                                  _____
                                                                  **E. RICHARD WEBBER**
                                                                  **UNITED STATES DISTRICT JUDGE**