**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BONNIE POEHL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV00400 ERW |
| | ) | |
| OFFICER CARL RANDOLPH, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court upon former Defendant City of Vinita Park's Motion for

Bill of Costs [doc. #53]. Plaintiff has filed an objection to the City's Motion.

In the City's Motion for Bill of Costs, it requests that the Court tax costs against Plaintiff

pursuant to 28 U.S.C. § 1920. "[C]osts other than attorney's fees shall be allowed as of course to

the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). The City was awarded

judgment as a matter of law in its favor and is therefore a prevailing party. Pursuant to 28 U.S.C. §

1920, costs may be taxed for:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic
>     transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily
>     obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of
>     interpreters, and salaries, fees, expenses, and costs of special
>     interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Court may not award costs not authorized by § 1920 because § 1920

"imposes rigid controls on cost-shifting in federal courts." *Brisco-Wade v. Carnahan*, 297 F.3d 781,

1

782 (8th Cir. 2002) (internal quotation omitted). Upon objection by the opposing party as to authorized costs, however, the Court may exercise its discretion to grant or deny costs. *Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir. 1987).

The City requests the following costs: (1) $749.49 for the cost of the deposition of Bonnie Poehl taken on January 4, 2006; (2) $344.10 for the cost of the deposition of Carl Randolph taken on February 14, 2006; (3) $374.45 for the cost of the depositions of Michael Webb, Michael Laws, Richard Fairman, and Scott Haywood taken on February 24, 2006; (4) $281.24 for the cost of the depositions of Tom Farace and Charles Poehl taken on February 28, 2006; and (5) $230.69 for the cost of copies. Plaintiff makes no specific objections related to these costs, but appears to object generally to the awarding of any costs.

A.    <u>Fees of the Court Reporter</u>

Plaintiff requests $1,749.29 in fees of the court reporter. Section 1920 provides for the taxation of "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). This language embraces both deposition transcripts and trial transcripts. *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996). The deposition must have been reasonably necessary or expected to be used at trial. *Emmenegger v. Gull Moose Tube Co.*, 33 F.Supp.2d 1127, 1134 (E.D. Mo. 1998). "Unless the opposing party interposes a specific objection that a deposition was improperly taken or unduly prolonged, deposition costs will be taxed as having been 'necessarily obtained for the use in the case' within the meaning of 28 U.S.C. § 1920." *Meder v. Everest & Jennings, Inc.*, 553 F. Supp. 149, 150 (E.D. Mo. 1992).

The depositions of Bonnie Poehl, Carl Randolph, Michael Webb, Michael Laws, Richard Fairman, Scott Haywood, Tom Farace, and Charles Poehl were reasonably necessary for use in this

case. These depositions were necessary to the resolution of the Motion for Summary Judgment, and they would have been necessary for trial preparation, had the claims against the City proceeded to trial. Plaintiff makes no specific objection that these depositions were unnecessary or that they were unduly prolonged. Therefore, the Court will tax $1,749.29 against Plaintiff and in favor of the City.

      B.    <u>Fees for Copies</u>

The City requests $230.69 in fees for exemplification and copies of papers it contends were necessarily obtained for use in this case. Generally, under § 1920, fees for exemplification and copies of papers may be taxed if "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). "In determining whether a photocopy expense is necessary so as to be taxable as a cost and whether to award that cost to the prevailing party, the district court enjoys discretion so long as it does not act arbitrarily." *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002). Some courts have determined that the phrase "for use in the case" refers to materials prepared "for use in presenting evidence to the court," *McIlveen v. Stone Cont. Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990), while others have determined that the copies actually need not be admitted into evidence. *See U.S. Andrews v. Suzuki Motor Co., Ltd.*, 161 F.R.D. 383, 386 (S.D. Ind. 1995) ("only the costs associated with extravagant, useless, or obviously unnecessary copies" are not taxable). A party may not recover photocopy costs incurred for the convenience of counsel, including those incurred in serving pleadings or motions on opposing counsel, producing documents in discovery, or copying research material. *Emmenegger*, 33 F. Supp.2d at 1133. *See also Home Builders Ass'n of Miss. v. City of Madison*, 191 F.R.D. 515, 519-20 (S.D. Miss. 1999) (refusing to tax costs for photocopies related to convenience, preparation, research, or records of counsel). To recover for costs associated with photocopying, it is incumbent on the prevailing party to demonstrate at least what the documents were and what use was made of the documents. *See Home Builders Ass'n*, 191 F.R.D. at 519-20.

The City requests $211.91 for the cost of making copies of documents "produced to all counsel." The City does not provide a detailed description of these documents, but it appears that they were produced during discovery, in accordance with the City's obligations under the Federal Rules of Civil Procedure. Because this cost was incurred in producing documents during discovery, this cost is not recoverable. *See Emmenegger*, 33 F. Supp.2d at 1133. The City also requests $18.78 for the cost of obtaining a copy of Plaintiff's medical records. Plaintiff's medical records were necessarily obtained for use in this case and were used as an exhibit in the Motion for Summary Judgment. Therefore, the Court will tax $18.78 against Plaintiff and in favor of the City.

Accordingly,

**IT IS HEREBY ORDERED** that former Defendant City of Vinita Park's Motion for Bill of Costs [doc. #53] is **GRANTED**, **in part**, and **DENIED, in part**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax $1,768.07 against Plaintiff Bonnie Poehl and in favor of former Defendant City of Vinita Park for fees of the court reporter and for fees for exemplification and copies.

Dated this 26th day of September, 2006.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE